WISSEL ET AL. *v.* McCORMICK.

(Decided June 4, 1934.)

*Mr. Roy Manogue, Mr. Oliver M. Dock, Mr. Anthony P. Conlon* and *Mr. Fred Weiland,* for plaintiffs in error.

*Mr. Carl G. Werner,* for defendant in error.

HAMILTON, P. J.   The only question in this case is whether or not certain refrigerators and gas stoves are fixtures and belong and pass with the real estate, or whether they are chattels passing under a chattel mortgage expressly conveying the same.

The chattels referred to were equipment in an apartment building.  The electric refrigerators were small refrigerators on rollers, attached by electric plug in the wall.  The gas stoves were attached with gas pipes by nipples, easily attached and detached.

On the question whether or not such articles are or are not fixtures the authorities on the law are not in accord.  There are authorities holding that gas stoves so attached are not fixtures, but the great weight of

432

authority on the question whether or not such articles are fixtures rests largely upon the facts of each particular case, depending upon the circumstances of annexation and the intention of the parties, which situation requires the case to be submitted to the trier of facts. See 11 Ruling Case Law, 1078 and 1079, and the cases collated in the notes.

Under the evidence disclosed by the bill of exceptions in the present case we cannot say as a matter of law that the stoves and frigidaires were fixtures. There was ample evidence disclosed justifying the judge who tried the case without a jury in arriving at the conclusion that they were not fixtures, but were chattels, and, since they were especially enumerated in the chattel mortgage, the chattel mortgage holder is entitled to have the articles sold to satisfy his mortgage. The judgment is therefore affirmed.

*Judgment affirmed.*

Ross, J., concurs.